UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JIMMY D ENTERPRISES L L C** | **CASE NO. 2:21-CV-04208** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JANUS HOTEL MANAGEMENT SERVICES L L C** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Gotham Insurance Company's Motion for Partial Summary Judgment on Third-Party Plaintiff's Claim for Penalties Under La. R.S. 22:1892" (Doc. 53).

## FACTUAL STATEMENT

This matter involves alleged hurricane property damage to the Comfort Inn and Suites (the "Hotel") located in Lake Charles, Louisiana. The Hotel was originally owned/operated by Calatex Hotel Group, LLC ("Calatex"). On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana, and on October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. The Hotel's property was allegedly damaged by both Hurricanes. During the relevant time period, Calatex had an active policy of insurance for the hotel's property.[1]

Prior to the Hurricanes' landfalls, on or about April 22, 2020, Calatex's mortgagee foreclosed on its mortgage. On May 13, 2020, pursuant to an *Ex Parte* Motion to Appoint Janus Hotel Management Services, LLC ("Janus"), Janus was appointed by Judge Wilson

---

[1] Defendant's exhibit 1.

of the Fourteen Judicial District Court as the Keeper of the Hotel.[2] Janus took possession and control of the Hotel and was allowed to manage, operate, preserve, maintain, protect and otherwise administer the property.[3] The Order also allowed Janus to collect and take possession of any and all income, as well as control bank accounts, endorse checks, use funds to fulfill any outstanding mortgage or other legal obligations, inventory assets, execute contracts as needed, and maintain property and other liability insurance policies.[4] When the subject policy was issued, Janus was not listed as an insured.

Paragraph 22 of Judge Wilson's Order provided that Janus shall be responsible for maintenance of the property and liability insurance, and required any insurer to ensure that Janus Hotel was added as an additional or named insured to the policy as follows:

> The insurance policies, which the Keeper will maintain and under which the insurance companies shall add the Keeper as an additional insured, shall afford all risk property insurance coverage . . . The Keeper and Plaintiff shall be named insureds on all such policies.[5]

On September 11, 2020, Gotham received the above Order which expressly stated that the Keeper ("Janus") be added as a named or additional insured.[6]

On November 24, 2020, Gotham provided an advance of $250,000 and in March 2021, Gotham issued payment to Janus for $3,484,767.76, which included in part, payments for the Hurricane mitigation bill.[7] The payment directive in Gotham's claim file

---

[2] Defendant's exhibits 2 and 3.
[3] *Id.*
[4] *Id.*
[5] Plaintiff's exhibit 3.
[6] *Id.*
[7] Plaintiff's exhibit 5, affidavit of Ryan Dewberry, and attached exhibits B and C.

describes Janus as the insured.[8] On August 7, 2021, Gotham paid $274,404.64 to Janus for its Hurricane Delta claim.[9]

On March 22, 2022, Gotham made payments for business personal property and business income losses. Servpro submitted invoices to Gotham for work performed and updated Gotham on the progress of the remediation work.[10] Gotham paid Servpro the Hurricane Laura mitigation bill in full, but late, and only paid a portion of the Hurricane Delta bill. Gotham paid the Hurricane Delta bill 8 months after it received the invoice.[11]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the

---

[8] Plaintiff's exhibit 8.
[9] Plaintiff's exhibit 5, affidavit of Dewberry and attached exhibit D.
[10] Plaintiff's exhibit 9, deposition of Shawn Pelo, pp. 37:5-25-38:7; 39:1-40:1.
[11] Plaintiff's exhibit 5, deposition of Koralewski, pp. 93:14-94:10;111:13-21; 119:1-20.

nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## ANALYSIS

The instant matter was filed by Jimmy D Enterprises LLC d/b/a Servpro of West Mahoning County ("Servpro") against Janus for allegedly failing to pay contractual amounts owed for remediation work performed by Servpro. Janus answered Servpro's Complaint and filed a Counterclaim against Servpro and a Third-Party Demand against Gotham. In its Third-Party Demand, Janus alleges causes of action for breach of contract, (the Gotham policy) and breach of the duty of good faith and fair dealing pursuant to Louisiana Revised Statute 22:1873.

Louisiana law is abundantly clear that in order to enforce an insurance policy and receive bad faith penalties, an entity must be either a: 1) named insured; 2) additional insured; or 3) third-party beneficiary to an insurance policy. *Barbe v. Freedom Loan*

*Servicing, LLC*, 383 F.Supp.3d 634, 641 (E.D. La. 2019) (citing *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017); *Lee v. Safeco Ins. Co., of Am.*, 2008 WL 2622997, at *2 (E.D. La. July 2, 2008)); *Haddad v. Elkhateeb*, 46 So.3d 244, 2010-0214 (La.App. 4 Cir. 8/11/10).

Janus relies on the above-mentioned Order by Judge Wilson to claim insured status on the Gotham policy. However, Gotham did not receive the Order until September 11, 2020, when Gotham received a damage report from its claims' administrator, Engle Martin & Associates. It appears that despite the language in the Order, Gotham is arguing that Janus failed to take the necessary steps to be named as an additional insured on the Gotham policy.

In its opposition, Janus informs the Court that Gotham's claim representative for Engle Martin, Tom Koralewski, noted in his report made to the attention of Kevin Ruppell[12] that Calatex had defaulted on its financial obligations and that Janus was to oversee the repairs; Realto Bank was in receivership of the Hotel and any insurance proceeds to the property were to be directed to Realto Bank.[13] The report also notes Judge Wilson's Court Order "transferring ownership of the property to Janus Hotel."

Janus relies on Judge Wilson's Order to argue that Janus is entitled to be named as an insured or additional insured. Janus also relies on Gotham's claim file produced in initial disclosure that describes Janus as "the insured" and a notation stating that Gotham

---

[12] Plaintiff's exhibit 4, p. 1.
[13] *Id.* p. 3.

"issued indemnity payment to insured for undisputed ACV . . . $3,484,767.76 . . . ."[14] Additionally, Gotham made its first payment for Janus' Hurricane Delta claim to Janus.[15]

Gotham argues that Janus is not named in the policy as an insured and was not a party to the foreclosure proceeding. Gotham also argues that it is not mentioned or ordered to name Janus as an insured in Judge Wilson's Order. The Order was directed to the Keeper to maintain insurance, and the insurance companies were to add the Keeper (Janus) as an additional insured. The policy reflects that Calatex is the named insured, not Janus.

Finally, Gotham argues that the Court cannot modify the insurance contract to name Janus as an insured or additional insured. However, Janus has presented sufficient evidence to create an issue of fact that Gotham was aware that Janus was to be added as an additional insured. During the claims process, Janus received the order, albeit after Hurricane Laura, but prior to Hurricane Delta. The claims' file indicates that Janus was the insured, thus Gotham was aware of the receivership and Judge Wilson's Order requiring that Janus be added as an additional insure. Thus, the Court finds that Janus has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether or not Janus was an insured or additional insured on the Gotham policy entitling it to pursue its bad faith claims.

---

[14] Plaintiff's exhibit 8.
[15] Plaintiff's exhibit 5 attached to exhibit D, Affidavit of Dewberry.

## CONCLUSION

For the reasons set forth herein, Gotham Insurance Company's Motion for Partial Summary Judgment on Third-Party Plaintiff's Claim for Penalties Under La. R.S. 22:1892 (Doc. 53) will be denied.

**THUS DONE AND SIGNED** in Chambers on this 11th day of October, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATE DISTRICT JUDGE**