UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JIMMY D. ENTERPRISES LLC** | : | **DOCKET NO. 2:21-cv-04208** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JANUS HOTEL MANAGEMENT SERVICES LLC** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel discovery responses [doc. 51] filed by Janus Hotel Management Services, LLC.  The motion is opposed by third-party defendant Gotham Insurance Company. Doc. 55.  The time for reply has passed with none being filed, making this motion ripe for resolution.  For reasons set forth below, the court finds that the motion should be **GRANTED IN PART**.

### I.
#### BACKGROUND

This dispute arises from property damage allegedly caused by Hurricanes Laura and Delta. Doc. 6, pp. 6–15.  Janus's third-party demand claims Gotham insured the damaged property and the business on it from March 2020 through March 2021. *Id.* at p. 7.  Janus asserts that, though it paid all premiums, provided timely and proper notice of the claim, and mitigated its losses, Gotham failed to timely and reasonably adjust the loss. *Id.* at pp. 7–12.

After Janus served its first set of interrogatories and requests for production upon Gotham, the parties held a Rule 37.1 conference because Gotham had yet to respond to the discovery requests. Doc. 36, att. 1.  The parties then agreed to a new deadline for Gotham's responses, which was not met. *Id.*  Therefore, Janus filed its first Motion to Compel discovery responses. Doc. 36.

Shortly thereafter, Janus filed a Notice of Compliance informing the court that Gotham submitted the requested discovery responses. Doc. 40. After a status conference with the parties' attorneys and in light of the Notice of Compliance, the court terminated the first Motion to Compel without prejudice to Janus's right to seek relief for any deficiencies in Gotham's production. Doc. 42. Janus reviewed the responses and found them non-satisfactory. Doc. 51, att. 1, p. 8. Counsel again held a Rule 37.1 conference and also exchanged phone calls and emails to resolve the issue, with Gotham agreeing to respond to Janus by the new mutually agreed upon deadline. *Id.* Gotham failed to meet that deadline. *Id.*

Janus then filed the instant motion, which alleges that Gotham's responses were incomplete and deficient. Doc. 51. Specifically, Janus asks us to compel Gotham to provide full and complete responses to Interrogatories No. 3, 6, and 11 and Requests for Production No. 1, 2, 3, 11, 12, 17, 19, 21, 27, 31, 33, and 36–45. *Id.* Janus argues that Gotham waived its objections to the discovery requests because it responded beyond both the time provided under Federal Rules of Civil Procedure 33 and 34 and the extended deadline agreed to at the initial Rule 37.1 conference. Doc. 51, att. 1, pp. 7–8. Additionally, Janus claims the responses were boilerplate and, despite asserting that some information was privileged, Gotham failed to provide a privilege log. *Id* at pp. 9–22.

Gotham opposes the motion, claiming it has supplemented its responses to several of the discovery requests at issue here, making the motion moot as to those requests. Doc. 55, pp. 7–13. The remaining discovery requests are part of a fishing expedition, according to Gotham. *Id.* at pp. 7–15. Janus did not file a reply.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule

of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34.  An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4).  The party resisting discovery has the burden of proving that the discovery is irrelevant, overly broad, or unduly burdensome, and thus should not be permitted. *Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Because both Janus and Gotham used boilerplate arguments for most of their briefings on the instant motion, we will address the discovery requests with identical or nearly identical contentions together.

### A. *Moot Requests*

Though the motion lists the responses to Interrogatories No. 6 and 11 and Requests for Production No. 1, 2, 3, 11, 12, 17, 19, 31, 33, 38, and 39 as matters of contention, Gotham asserts that it has now supplemented its responses to these discovery requests, making the portions of the motion about them moot. Doc. 55, pp. 7–12.  Additionally, for Requests for Production No. 1 and 2, Gotham claims it has provided Janus with its complete claims file. *Id.* at pp. 8–9.  Janus did not rebut these claims.  Thus, we see no reason not to accept Gotham's representations about these discovery requests as true.  Because the information before the court indicates that the materials requested have been produced, the motion is **DENIED** as to Interrogatories No. 6 and 11 as well as Requests for Production No. 1, 2, 3, 11, 12, 17, 19, 31, 33, 38, and 39, without prejudice to Janus's right to seek relief for any deficiencies in the production.

### B. Requests Still at Issue

*Interrogatory No. 3* [doc. 51, att. 4, p. 4]

> Please describe how the performance of adjusters or estimators involved in Your handling of Plaintiff's claim is evaluated by You in any way, if at all. State the following: (a) What performance measures or metrics are used; and (b) Describe any bonus or incentive plan You have in place for adjusters, including in-house claims/desk adjusters, third party adjusters, third party engineering firms, or third-party claims administrators, related to their handling of Your claims, including Plaintiff's claim.

Gotham objected to this interrogatory as "unduly burdensome, vague, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to discovery of admissible evidence." Doc. 51, att. 1, p. 9. It also objected on the grounds that the interrogatory seeks information potentially interfering with the privacy interest of non-litigants. *Id.* Janus contends that the objection is insufficient because it is conclusory and that Gotham does not have standing to object for a third party's privacy interest. *Id.* Janus asserts that the information "goes to bias and relevance" because Gotham hired a third-party adjuster to evaluate Janus's claim. *Id.*

In response, Gotham reasserts its original objections. Doc. 55, p. 7. It also claims that long-term performance metrics and payment information for third-party adjusters are irrelevant to the claim. *Id.* Though Gotham has made conclusory assertions that the interrogatory is "unduly burdensome, vague, and irrelevant," it has not provided the court with meaningful argument or case law that is on point to support those assertions. Thus, defendant has not satisfied its burden of proof, so the motion is **GRANTED** as to Interrogatory No. 3.

*Request for Production No. 21* [doc. 51, att. 4, p. 22]

> Produce any and all contracts and/or agreements between You and any Third-Party Administrator, adjuster, engineer, building consultant, or expert for work to be done on first party property damage claims.

***Request for Production No. 27*** [doc. 51, att. 4, p. 24]

>Produce any and all documents evidencing, with respect to handling of first party damage claims, any bonus, performance, claim handling, or incentive plan for any of Your employees, contractors, vendors, third-party adjusting companies, third-party administrative companies, third-party adjusters, or third-party engineers related in effect in 2019, 2020, 2021, and 2022.

By reference to its response to Request for Production No. 11, Gotham objected to request 21 as "vague, ambiguous, and overbroad irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to discovery of admissible evidence." Doc. 51, att. 1, p. 16. Similarly, it objected to request 27 as "vague, ambiguous, overbroad irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to discovery of admissible evidence." *Id.* at p. 17. It also claimed request 27 "seeks information, materials, and/or documents related to mental impressions, legal conclusions, opinions, or theories of any attorney or other representatives of GIC and as potentially interfering with the privacy rights of non-litigants." *Id.*

Janus, by reference to its position on Gotham's response to Request for Production No. 1, contends that the objections to Requests for Production 21 and 27 are insufficient because they are conclusory and points out that Gotham hired third parties to evaluate Janus's claim. *Id.* Furthermore, Gotham's attempt to claim privilege must fail, according to Janus, because Gotham never produced a privilege log or other list of documents that were withheld due to privilege. Janus also asserts that Gotham's instructions to those third parties who adjust Gotham's first party property claims on Gotham's behalf are relevant and specific to this litigation. *Id.* Using its boilerplate language from Interrogatory No. 3, Janus further contends that Gotham does not have standing to object for a third party's privacy interest. *Id.* Because Gotham's response to these assertions is identical to its arguments about Requests for Production No. 36, 37, and 40–45, they will all be addressed together at the end of this Memorandum Order.

*Request for Production No. 36* [doc. 51, att. 4, p. 28]

Any and all corporate depositions taken of Gotham Insurance Company in any first party.

*Request for Production No. 37* [doc. 51, att. 4, p. 28]

Copies of all contracts and agreements/renewals/addendums, memorandum of understanding, service agreements, work schedules, rate outlines, between You and Engle Martin & Associates in effect between the years 2017 – 2022.

*Request for Production No. 40* [doc. 51, att. 4, p. 29]

Copies of all contracts and agreements/renewals/addendums, memorandum of understanding, service agreements, work schedules, rate outlines, between You and Engle Martin & Associates in effect between the years 2017 – 2022 for first party property damage insurance claims.

*Request for Production No. 41* [doc. 51, att. 4, pp. 29–30]

Copies of all contracts and agreements/renewals/addendums, memorandum of understanding, service agreements, work schedules, rate outlines, between You and C. Lewis Company in effect between the years of 2017 – 2022 for first party property damage insurance claims.

*Request for Production No. 42* [doc. 51, att. 4, p. 30]

Copies of all contracts and agreements/renewals/addendums, memorandum of understanding, service agreements, work schedules, rate outlines, between You and J.M. Reagan Consulting, Inc. in effect between the years 2017 – 2022 for first party property damage insurance claims.

*Request for Production No. 43* [doc. 51, att. 4, p. 30]

Copies of all contracts and agreements/renewals/addendums, memorandum of understanding, service agreements, work schedules, rate outlines, between You and Engle Martin & Associates in effect between the years 2017 – 2022 for first party property damage insurance claims in Louisiana.

*Request for Production No. 44* [doc. 51, att. 4, p. 30]

>  Copies of all contracts and agreements/renewals/addendums, memorandum of understanding, service agreements, work schedules, rate outlines, between You and C. Lewis Company in effect between the years 2017 – 2022 for first party property damage insurance claims in Louisiana.

*Request for Production No. 45* [doc. 51, att. 4, p. 31]

>  Copies of all contracts and agreements/renewals/addendums, memorandum of understanding, service agreements, work schedules, rate outlines, between You and J.M. Reagan Consulting, Inc. in effect between the years 2017 – 2022 for first party property damage insurance claims in Louisiana.

Gotham responded to both Requests for Production No. 36 and 37 by stating that it "objects to [the request] as vague, ambiguous, overbroad. as [sic] vague, ambiguous, and as it seeks information irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence. [Gotham] further objects to [the request] to the extent that it requests documentation that is work-product or prepared in anticipation of litigation." Doc. 51, att. 1, p. 18. Gotham answered Requests for Production No. 40, 41, 42, 43, 44, and 45 solely by reference to its response to No. 37. *Id.* at pp. 20–22. Janus again addressed each of these responses by reference to its position on Gotham's response to Request for Production No. 1. *Id.* at pp. 18, 20. Additionally, for requests No. 37 and 40–44, Janus asserted that the documents sought are relevant and specific to this litigation. *Id.* at pp. 18–21.

Gotham supplied the exact same response to Janus's arguments about each request for production:

>  Janus' extensive discovery request is entirely overbroad, and overreaching given their lack of an insurable interest under the Gotham Policy to Calatex. Janus' discovery requests are nothing more than a fishing expedition that would result in irrelevant evidence, particularly in view of the nature and facts of this case. Further, Janus' Motion to Compel is also vague regarding what

-7-

> specific information or documents Janus is seeking (i.e., limited in scope and time frame), and how it would be relevant to this claim.

Doc. 55, pp. 10–15 (responding to Requests for Production No. 21, 27, 36, 37, and 40–45). Gotham's original objections to Requests for Production No. 21, 27, 36, 37, and 40–45 and its responses to Janus's arguments about those requests are all boilerplate, with no attempt to show how each objection or response applies to the individual discovery requests.

General objections such as the ones asserted by Gotham "'are meaningless and constitute a waste of time for opposing counsel and the court.'" *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (quoting *Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011)). This principle is particularly true in cases like this where multiple general, boilerplate objections "are incorporated into many of the responses with no attempt to show the application of each objection to the particular request." *Id.* (quoting *Weems*, 2011 WL 3100554, at *1). Thus, Gotham has once again failed to provide the court with meaningful argument or case law that is on point to support its assertion that these discovery requests are not permissible. Accordingly, defendant has not satisfied its burden of proof, so the motion is **GRANTED** as to Requests for Production No. 21, 27, 36, 37, 40, 41, 42, 43, 44, and 45.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Janus Hotel Management Services, LLC's Motion to Compel Discovery [doc. 51] be **GRANTED IN PART** and **DENIED IN PART**.

The court **GRANTS** the motion as to Interrogatory No. 3 [doc. 51, att. 4, p. 4] and Requests for Production No. 21, 27, 36, 37, 40, 41, 42, 43, 44, and 45 [doc. 51, att. 4, pp. 22–31]. IT IS THUS ORDERED that GOTHAM INSURANCE COMPANY provide full and complete

responses to Janus's Interrogatory No. 3 and Requests for Production No. 21, 27, 36, 37, 40, 41, 42, 43, 44, and 45. Gotham is to comply with this Order on or before October 23, 2023.

The court **DENIES** the motion as to Interrogatories No. 6 and 11 [doc. 51, att. 4, pp. 6, 9], and Requests for Production No. 1, 2, 3, 11, 12, 17, 19, 31, 33, 38, and 39 [doc. 51, att. 4, pp. 13–15, 18–21, 26–27, 29], without prejudice to Janus's right to seek relief for any deficiencies in Gotham's supplemental production.

THUS DONE AND SIGNED in Chambers this 12th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE